## HOLSON et al. v. BISBEE.

### No. 1580.

Court of Civil Appeals of Texas. Eastland.

Sept. 25, 1936.

Rehearing Denied Oct. 23, 1936.

M. F. Billingsley, of Munday, for appellants.

L. M. Williams, of Benjamin, for appellee.

FUNDERBURK, Justice.

On July 31, 1929, J. M. Callan by written contract with T. W. Holson and F. C. Holson, obligated himself to pay them $600 on or before May 15, 1934, in monthly installments of $30. At the same time and as a part of the same transaction Callan promised to pay $950 to Merganthaler Linotype Company in monthly installments of $35. The $35 installments on the $950 obligation to Merganthaler Linotype Company were provided to be paid beginning on or before "September 15, 1929, and thereafter until the total amount of Nine Hundred Fifty Dollars ($950) has been paid." The $30 installments on the $600 obligation were agreed to be paid on or before the 15th day of each month beginning "on or before the 15th day of April, A. D. 1932, and each month thereafter until the total amount has been paid." An addenda to the contract restated the last named obligation as a "note for $600" which "shall be due and payable on or before May 15, 1934, and that the first installment of $30 is to be paid on or before April 15, 1932, *and only in the event that the final payment has been made by that date to the Merganthaler Company.*" (Italics ours.) A part of the contract gave a mortgage lien on the linotype machine to secure the $600, and it was therein acknowledged that a prior lien existed to secure the $950.

On October 24, 1934, said T. W. Holson and F. C. Holson brought this suit to recover on the $600 note and to foreclose the lien on the machine. Charles A. Bisbee was the sole defendant, he having assumed the obligations of the said J. M. Callan and succeeded to his rights. Callan was not made a party, it being alleged and agreed that his residence was unknown and that he was actually and notoriously insolvent. The defendant Bisbee filed a plea in abatement contending that under the terms of the contract and the fact that the entire $950 obligation to Merganthaler Company had not then been paid, the suit was prematurely brought and nothing was then due on the obligation. It was agreed that the sum of $91 was at the time of the trial still due on the Merganthaler obligation. The court below sustained the plea in abatement. The plaintiffs have appealed.

■ The only question for revision is the correctness of the action of the trial court in sustaining the plea in abatement. This in turn calls for construction of the contract. It will be recalled from the above statement that the $600 note or obligation was promised to be paid on or before May 15, 1934. It was also promised to be paid in successive monthly installments of $30 beginning April 15, 1932. The two obligations were, of course, in a sense inconsistent. The former could be performed by paying the whole of the $600 on, or at any time before, May 15, 1934. Performance of the latter required the last installment to be paid (and therefore the whole of the obligation discharged) on or before November 15, 1933. These two clauses of the contract considered alone are therefore ambiguous. In view of this ambiguity in the respect mentioned, what did the parties intend by the italicized portion of the qualifying phrase, "that the first installment of $30 is to be paid on or before April 15, 1932 *and only in the event that the final payment has been made by that date to Merganthaler Company"?* (Italics ours.) Was that intended to apply to the entire obligation to pay $600 and thereby empower Callan, and the plaintiff as successor to his rights, to avoid the obligation completely by breach of the further obligation to pay the Merganthaler Company as and when agreed? That, we think, would be wholly unreasonable. It would be little less unreasonable to ascribe to the parties the intention that such obligation could be indefinitely postponed simply by breach of the obligation to pay the $950. If the agreement was free from ambiguity and so provided, it is doubtful, we think, if it would constitute a valid contract. If such were the agreement, its purport would be to vest in one of the parties the absolute discretion to perform or not any part of his obligation.

It will be noted that the beginning of the payments of the $30 installments could have been deferred from April 15, 1932, to October 15, 1932, and yet the entire obligation would be discharged by the monthly payments of $30 installments, on May 15, 1934, in compliance with one provision of the agreement. It seems to us a more reasonable construction of the contract that the qualification relied on to sustain the abatement had reference not to the postponement of the entire obligation beyond May 15, 1934, but to the beginning date of the $30 monthly payments, which to have such effect would advance such beginning date to October 15, 1932, at the most. If we give that construction to the qualifying phrase, it serves to explain the ambiguity in the apparently inconsistent provisions, and permits effect to be given to both.

The suit was brought after the entire obligation was in default, and under this interpretation of the contract the trial court erred in sustaining the plea in abatement.

■ We cannot render judgment as prayed for by appellants because there has been no trial of the case on its merits. Because of the error of the court, we are required to reverse the judgment of dismissal and remand the case with instructions that the case be reinstated for trial, which is accordingly so ordered.